Filed 8/1/13  In re Malik S. CA1/5

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re MALIK S., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, <br><br>     Plaintiff and Respondent, <br><br>         v. <br><br> MALIK S., <br><br>     Defendant and Appellant. | A137362 <br><br><br> (Contra Costa County Super. Ct. No. J11-00623) |

After a series of probation violations during home detention, the juvenile court continued Malik S. (appellant) as a ward of the court, removed him from his mother's home, and detained him in juvenile hall pending delivery to an appropriate placement. Appellant's counsel has raised no issue on appeal and asks this court for an independent review of the record to determine whether there are any arguable issues.  (*Anders v. California* (1967) 386 U.S. 738; *People v. Wende* (1979) 25 Cal.3d 436.)  Appellant has not filed a supplementary brief.  We find no arguable issues and affirm.

BACKGROUND

In April 2011, the Contra Costa County District Attorney filed a Welfare and Institutions Code section 602, subdivision (a) juvenile wardship petition alleging a misdemeanor violation of Penal Code section 626.10, subdivision (a) (possessing a

1

weapon on school grounds).[1]  Following a contested hearing, the juvenile court sustained the allegation.  In October 2011, the court imposed a one-year wardship.

Between December 2011 and April 2012, appellant committed several probation violations while residing in his mother's home.  In May 2012, appellant was committed to a ranch program; in June 2012, appellant violated probation by fighting with another resident.  At the end of June, he was removed from the ranch program for "mental health reasons," and the juvenile court subsequently directed that appellant be evaluated by doctors at the Contra Costa Regional Medical Center.

In August 2012, the juvenile court returned appellant to home supervision in his mother's house.  On October 4, appellant "was successfully terminated from the home supervision program," but on October 22 a notice of probation violation was filed.  Appellant was alleged to have violated probation by testing positive for THC on October 15 and by failing to return home when directed on October 18.  Appellant admitted the violations.

The night before the November 21, 2012 dispositional hearing, appellant, who was temporarily detained in juvenile hall, "was placed on special program for banging on his door and yelling threats and disrupting the unit."  At the dispositional hearing, the juvenile court reviewed on the record the history of appellant's case, noting he had "been given multiple opportunities to be maintained in the home."  The court continued, "[t]his is not in any way a reflection upon the mother's abilities to try and advocate for her son and do well for him or by him, but I have to determine at this point does he go back into the same situation where it has not worked or does he actually get the opportunity to get the intensive services that I believe he needs in placement?  And I do believe it has reached that juncture."  The court continued appellant as an indefinite ward of the court and directed he be removed from home pursuant to Welfare and Institutions Code section 726, subdivision (a)(3).  The court ordered that appellant be detained in juvenile hall pending his placement in "a court-approved home or institution."  The court directed

[1]   A second misdemeanor allegation of conspiracy to commit a crime (Pen. Code, § 182, subd. (a)(1)) was dismissed in May 2011.

2

probation to make every effort to find a placement close enough for appellant's mother to actively participate in his treatment.

This appeal followed.

## DISCUSSION

We have reviewed the record and have found no arguable appellate issues.

Appellant was represented by legal counsel throughout the proceedings and there is no indication in the record that counsel was ineffective. In light of appellant's history of probation violations, the juvenile court did not abuse its discretion in ordering that appellant be removed from his home so he could receive more intensive services at an out-of-home placement.

Appellate counsel advised appellant of his right to file a supplementary brief to bring to this court's attention any issue he believed deserved review. (*People v. Kelly* (2006) 40 Cal.4th 106.) Appellant did not file a supplementary brief. There are no legal issues that require further briefing.

## DISPOSITION

The juvenile court's orders are affirmed.

_____
SIMONS, J.

We concur.


_____
JONES, P.J.



_____
NEEDHAM, J.

3